Totten, J.,
delivered the opinion of the court.
Motion to quash an execution. Motion refused, and defendant, Cams, appealed in error to this court.
1. It is insisted that the judgment was satisfied by the levy of a former execution on goods sufficient in value to satisfy it; and that the debtor never assented to a release of the levy-.
On this point, it appears that Pickett & Morris, be *657 ing judgment creditors of said Cams for $345 14, caused an execution to issue, wbicb was levied on goods sufficient to satisfy it, and a delivery bond was taken. The creditors, in expectation of receiving payment without a sale, suspended the execution and ordered it to be returned. The goods were not delivered on the day of sale, but were afterwards sold and used by the debtor.
We are of opinion, that there is no merit in this defence. We recognize the principle relied on, but it does not apply in the case. The debtor has not been injured, as the goods were retained in his possession, and finally used by him. Nor can he be permitted to avail himself of the objection, that he did not assent to a release of the levy; for as by selling and using the goods . he has taken the benefit of such release, his assent will be implied. Williams vs. Bowdon, 1 Swan R., 282.
2. It is insisted, that the debtor provided a fund in the hands of W. E. Doherty, who agreed to pay the debt, and that the creditors accepted this agreement in discharge of the debtor.
On this point it appears, that Doherty owed the defendant a sum of money, to be paid in a few weeks. The defendant directed him to satisfy said execution, which Doherty consented to do; and the creditors in expectation of receiving payment in this way, ordered their execution to be suspended and returned as before stated. Doherty did not pay the money, and the present execution was issued.
Now, the agreement of Doherty to pay the defendant’s debt, being merely in parol, was void under the *658 statute of frauds. He could only assume the defendant’s debt by agreement in writing. 1801, cb. 25.
But if it be true, that Doherty’s promise to pay the debt, was in consideration of indulgence given to the defendant, the effect could only be to raise a collateral liability on Doherty, but not to release the defendant. It was not the intention of the parties that the obligation of the defendant should be discharged, until payment made.
Let the judgment be affirmed.